**Raymond L. SANDERS, Appellant**

v.

**Charles Patrick MURDTER, Esquire, Appellee.**

No. 12–7068.

United States Court of Appeals, District of Columbia Circuit.

June 14, 2013.

Raymond L. Sanders, Coalition for the Homeless, Washington, DC, pro se.

James Thomas Maloney, Maloney & Mohsen, Washington, DC, for Appellee.

BEFORE: HENDERSON, GRIFFITH, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed June 21, 2012, granting defendant's motion to dismiss be affirmed. Appellant is correct that the district court had federal-question jurisdiction over his claims arising under the Constitution. *See* 28 U.S.C. § 1331; *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). However, the dismissal of appellant's complaint is nevertheless affirmed on the ground the complaint failed to state any claim upon which relief could be granted. *See* Fed.R.Civ.P. 12(b)(6). The district court correctly construed appellant's constitutional claims as brought under 42 U.S.C. § 1983, given that appellant did not identify any other authority for the relief he sought. *See Mitchum v. Foster,* 407 U.S. 225, 239, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) ("Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation."). The court also correctly concluded that appellant's court-appointed attorney did not act under color of state law when representing appellant in District of Columbia Superior Court and therefore could not be sued under § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Because appellant maintains on appeal that he did not bring any common law claim, it is unnecessary to decide whether the district court abused its discretion in declining to exercise supplemental jurisdiction over any such claim.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.